# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | |
|---|---|
| MAZARRO LAVALE BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:13-cv-01614-JEO |
| ) | |
| PILGRIM'S PRIDE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

This is an employment discrimination case brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; and 42 U.S.C. § 1981. (Doc.[1] 1). The parties have consented to an exercise of plenary jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 13). On January 17, 2014, the court entered an order commanding Plaintiff Mazzarro Lavale Byrd, who is now *pro se*, to show cause why this action is not due to be dismissed with prejudice for his willful failure to prosecute the action. (Doc. 18). Byrd has failed to respond to that order. For the reasons explained below, the court will dismiss the action with prejudice.

Plaintiff filed this action through counsel on August 29, 2013. Defendant Pilgrim's Pride duly answered. Counsel for the parties held a scheduling conference and submitted a planning meeting report pursuant to FED. R. CIV. P. 26(f). The court entered a scheduling order pursuant

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files system.

to FED. R. CIV. P. 16(b).

On December 11, 2013, Defendant filed a motion to compel, asserting that Plaintiff had failed to respond to its written discovery requests.  (Doc. 14).  The next day, counsel for Plaintiff moved to withdraw, explaining that his client was refusing to communicate despite repeated attempts and that counsel had thus been unable to respond to Defendant's pending discovery.  (Doc. 15).  On January 9, 2014, the court set both of those motions for a hearing, ordering that Plaintiff appear in person.  (Doc. 17).  The court further directed the clerk to mail a copy of that order setting the hearing to Plaintiff at his home address provided by his attorney.  (*Id.*)  On January 9, 2014, the court entered an order setting the two motions for a hearing, ordering that Plaintiff must appear in person and directing the Clerk to mail a copy of the order to Plaintiff's home address.  (Doc. 17).  The court held the hearing on January 17, 2014, but Plaintiff failed to appear as ordered.  That same day, the court granted counsel's pending motion to withdraw and ordered Plaintiff to show cause in writing why the action should not be dismissed with prejudice for want of prosecution.  (Doc. 18).  The court further advised Plaintiff that should he fail to respond, the action would be subject to dismissal without further notice.  (*Id*.)  That order was also mailed directly to Plaintiff's home address.  He has again failed to respond, however.

A district court has the inherent authority to dismiss an action *sua sponte* for want of prosecution in order to manage and control its docket.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).  A dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be imposed only when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser

sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005). The harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable. *Id.* at 1338.

      Under the foregoing standards, dismissal with prejudice is warranted here. The wrongdoing at issue is squarely on the shoulders of Plaintiff himself, not his attorney. The record is undisputed that Plaintiff cut off all communication with his own counsel, without any explanation, thereby preventing Defendant from obtaining discovery that was admittedly due. Plaintiff then failed, again without explanation, to appear in this court for the hearing on January 17, 2014, as ordered. Finally, Plaintiff failed to respond to the court's order to show cause why the action is not due to be dismissed for want of prosecution. The court also finds that a lesser sanction, such as a dismissal *without* prejudice, would not suffice. Plaintiff has disobeyed the court's authority on multiple occasions and shows no interest in prosecuting the action. Defendant has also taken substantial steps towards defending itself from Plaintiff's claims in this litigation, and Defendant would be unfairly prejudiced if it were forced at some time in the future to start over should Plaintiff decide that he would like to pursue his claims after all. As a result, this action is due to be **DISMISSED WITH PREJUDICE**.

      A separate final order will be entered.

      **DONE**, this 4th day of February, 2014.

                                                      _/s/ John E. Ott_
                                                    **JOHN E. OTT**
                                                    Chief United States Magistrate Judge